IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Nos. 17-277, 18-117, and 18-323 |
| | ) | |
| QUINYAHTA ROCHELLE | ) | |

**GOVERNMENT'S PRELIMINARY RESPONSE TO DEFENDANT'S SENTENCE REDUCTION MOTION (DOC. NO. 99 at 17-277, DOC. NO. 58 at 18-117, AND DOC. NO. 115 at 18-323)**

Defendant Rochelle seeks a reduction of her sentences based upon the recent sentencing guideline amendments. Because Rochelle is not eligible for a sentence reduction, her motion must be denied.

**I.      ROCHELLE IS NOT ELIGIBLE FOR A SENTENCE REDUCTION.**

According to U.S.S.G. § 1B1.10(a)(1), a defendant is only eligible for a reduction if "the guideline range applicable to that defendant has subsequently been lowered…." But Rochelle's guideline range has not been reduced and she is therefore statutorily ineligible for any sentence reduction.

The PSR for the defendant's first two cases at 17-277 and 18-177 allocated points for Rochelle's convictions as follows: ⁋ 64 (3); ⁋ 65 (2); ⁋ 66 (2); ⁋ 67 (1); ⁋ 69 (2); and 70 (1). The PSR noted that these 11 criminal history points resulted in a CHC of V. PSR ⁋ 71. Since Rochelle was never assigned any "status points" pursuant to § 4A1.1, her guideline range at these two cases has not subsequently been lowered and she is ineligible for a reduction under Amendment 821.

Similarly, the PSR for Rochelle's more recent conviction at case 18-323 allocated points for Rochelle's convictions as follows: ⁋ 25 (3); ⁋ 27 (2); ⁋ 28 (1); ⁋ 30 (2); ⁋ 31 (1); ⁋ 32 (3); and

1

33 (3). The PSR noted that these 15 criminal history points resulted in a CHC of VI. Since Rochelle was never assigned any "status points" at this case either, her guideline range there has not subsequently been lowered and she is ineligible for a reduction under Amendment 821.

It appears that Rochelle's motion may also (or instead) be alleging that she is now eligible for a reduction pursuant to new guideline § 4C1.1 (entitled "Adjustment for Certain Zero-Point Offenders").[1] But Rochelle clearly does not qualify for that reduction either. Preliminarily, the government notes that § 4C1.1(a) requires a defendant to meet all ten of the listed criteria.

Rochelle fails to meet the very first criteria - that a defendant has zero criminal history points. U.S.S.G. § 4C1.1(a)(1). As noted above, Rochelle has amassed numerous criminal history points. Further, Rochelle pleaded guilty to illegally possessing a firearm at case 17-277, and § 4C1.1(a)(7) excepts defendants who possessed a firearm. As such, Rochelle does not qualify for that reduction either.

Because Rochelle did not receive status points pursuant to § 4A1.1 and she does not qualify as a "Zero-point Offender" under § 4C1.1, her guidelines have not changed, and her motion must be denied.[2]

Respectfully submitted,

*/s/ Ross E. Lenhardt*
Ross E. Lenhardt
Assistant United States Attorney
PA ID 53627

---

[1] See page two of Rochelle's motion where she references § 4C1.1.
[2] In *Dillon v. United States*, 560 U.S. 817, 827 (2010) the Supreme Court set forth the two-step process to be utilized by district courts faced with retroactive sentencing guideline motions. Step One is to determine if the prisoner is statutorily eligible for a reduction. If a defendant is eligible, step two requires the Court to review the applicable factors in 18 U.S.C. § 3553(a) to determine if any reduction is warranted. Upon request, the government will address why those factors would also require the denial of his motion, including her numerous recent prison misconducts despite her allegation on page 4 of her motion that she "has been a model camper/inmate". Ex. 1.