IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 17-277 |
| | ) | Criminal No. 18-117 |
| QUINYAHTA ROCHELLE | ) | Criminal No. 18-323 |
| | ) | |
| Defendant. | ) | Electronically Filed |

COUNSELED SUPPLEMENT TO
DEFENDANT'S SEALED LETTER MOTION FOR COMPASSIONATE RELEASE

AND NOW comes Defendant, Quinyahta Rochelle, by and through her attorney, Martin A. Dietz, Esquire, and respectfully moves this Court for an order granting the *pro se* Sealed Letter Motion filed by the defendant on the following basis:

1. Background

Defendant, Quinyahta Rochelle (hereinafter "Ms. Rochelle"), was convicted and sentenced in three different cases before this Court. This Court presided over those cases and is well-informed as to the facts or those cases. The dispositions of those cases, in summary, are as follows:

*Crim. No. 17-00277:*

On October 10, 2017, Ms. Rochelle was charged in a one-count Indictment charging her with possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §922(g)(1). On July 8, 2018, Ms. Rochelle pled guilty to the indictment pursuant to a plea agreement and on December 17, 2018, she was sentenced to 92 months' imprisonment.

1

*Crim. No. 18-00117:*

On April 30, 2018, Ms. Rochelle was charged in a four-count Information with: (1) conspiracy, in violation of 18 U.S.C. § 371; (2) use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); (3) wire fraud, in violation of 18 U.S.C. § 1343; (4) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and (5) accessing protected computers without authorization, in violation of 18 U.S.C. § 1030(a)(2). On July 2, 2018, pursuant to a plea agreement, she pled guilty to all five counts of the Information. On December 17, 2018, Ms. Rochelle was sentenced to the following terms of imprisonment: (1) 60 months for conspiracy, in violation of 18 U.S.C. § 371; (2) 92 months for use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); (3) 92 months for wire fraud, in violation of 18 U.S.C. § 1343; (4) 24 months for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and (5) 12 months for accessing protected computers without authorization, in violation of 18 U.S.C. § 1030(a)(2). (Doc. 35 at Crim. No. 18-00017). The sentences for the violations at Counts 1, 2, 3, and 5, were ordered to be served concurrently to each other, and to the 92-month sentence imposed at Crim.No. 17-00277. The 24-month sentence, for the violation at Count 4, was ordered to be served consecutive to the sentences imposed at Counts 1, 2, 3, and 5.

*Crim. No. 18-00323:*

On November 28, 2018, Defendant was charged in a two-count Indictment, with (1) bank fraud, in violation of 18 U.S.C. § 1344; and (2) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). On November 25, 2019, pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant pleaded guilty to Count 2 of the Indictment. On April 21, 2021, Defendant was sentenced to 24 months at Count 2 of the Indictment, to be served consecutive to the terms of

imprisonment imposed at Crim. No. 17-00277 and Crim. No. 18-00117.

The aggregate sentence imposed on Ms. Rochelle was 140 months' imprisonment. She is currently incarcerated at the Federal Correctional Institution in Hazelton, West Virginia ("FCI Hazelton") and is scheduled to be released from Bureau of Prisons ("BOP") custody on December 9, 2028. She has approximately 37 months before she is released from prison.

2. Facts Underlying the Instant Motion

On September 9, 2022, while she was incarcerated at the Oklahoma Federal Transfer Center, ("Oklahoma FTC") Ms. Rochelle was sexually assaulted by a male corrections officer. The details of the sexual assault are set forth in medical documentation that will be produced to this Court under seal as Sealed Exhibit A.

On September 11, 2022, just days after the sexual assault, Ms. Rochelle was transferred from the Oklahoma FTC to the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). While at FMC Lexington, Ms. Rochelle filed a complaint concerning the sexual assault. No action was taken on her complaint. On November 1, 2022, Ms. Rochelle was transferred to the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). She again filed a complaint regarding the sexual assault and sought medical attention relating to the assault. See Sealed Exhibit A. Investigators met with her to discuss the incident and an investigation began into the incident. When Ms. Rochelle received her property that was sent with her from FMC Lexington, a bullet casing was found in one of her socks. She believes the bullet casing was sent as a threat to discourage her from pursuing claims regarding the sexual

assault. Ms. Rochelle immediately reported the shell casing to authorities at FCI Danbury. It is believed that the male corrections officer has been fired and that there are other victims of his sexual abuse. Undersigned counsel has attempted to obtain documentation concerning the investigation into Ms. Rochelle's allegations but the BOP has formally rejected undersigned counsel's request for records relating to the investigation claiming such records are exempt from production because the request "could reasonably be expected to interfere with law enforcement proceedings". See Exhibit B attached hereto. Though undersigned counsel's efforts to determine the outcome of the investigation into Ms. Rochelle's allegations have been thwarted by the BOP, it is believed that the investigation resulted is some sort of action against the male corrections officer. Ms. Rochelle wrote the Warden at FCI Hazelton multiple times requesting compassionate release because of the sexual assault. The Warden has refused to acknowledge her requests. Copies of the requests are attached hereto as Exhibit C.

## Discussion

This Court should reduce Ms. Rochelle's sentence to time-served. The Sentencing Commission's amendment of §1B1.13(b)(4), and the preexisting "Other Reasons" provision (§1B1.13(b)(5)), make clear that abuse by BOP staff, as here, can be an "extraordinary and compelling" reason for a sentence reduction under 18 U.S.C. § 3582. Specifically, this Court can reduce Ms. Rochelle's sentence so long as: (1) she has allowed the BOP 30 days to respond to her initial written request; (2) the case presents "extraordinary and compelling" circumstances under §1B1.13; and (3) a reduction is appropriate under the factors described in 18 U.S.C. § 3553(a). Ms. Rochelle's situation meets these criteria.

<u>Ms. Rochelle has satisfied her administrative requirements.</u>

Ms. Rochelle has sent multiple requests for compassionate release to the Warden of her facility starting on March 11, 2025. See Exhibit C attached hereto. The Warden has failed to respond to any of her requests. Because more than 30 days have passed since she made her requests, Ms. Rochelle has satisfied the exhaustion requirement under § 3582 and her motion is now properly before the Court.

<u>A Sentence Reduction Under § 1B1.13(b)(4) Is Appropriate</u>.

Ms. Rochelle is exactly the defendant the Commission contemplated when it adopted §1B1.13(b)(4). Under this provision, an extraordinary and compelling reason for a sentence reduction exists where (1) a defendant is a victim of sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2), (2) that is "committed by . . . a correctional officer, an employee or contractor of the [BOP], or any other individual [having] custody or control over the defendant" (3) while serving the term of incarceration for which a reduction is being sought, and (4) the abuse is "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding[.]" U.S.S.G. § 1B1.13(b)(4). These criteria are all satisfied here.

*First*, As set forth in the records contained in Sealed Exhibit A, Ms. Rochelle was the victim of sexual abuse. She was digitally penetrated by a BOP correctional officer, which is a "sexual act[]" under § 2246(2)(C).

*Second*, Ms. Rochelle was sexually assaulted by a BOP employee at Oklahomna FTC;

*Third*, the sexual assault occurred while Ms. Rochelle was serving the sentence for which she is presently seeking a reduction.

*Fourth,* Ms. Rochelle abuse has been "established" for the purposes of § (b)(4), as evidenced by firing of the male corrections officer and the fact that the BOP refuses to provide information about the sexual assault because it may interfere with law enforcement proceedings.

Finding extraordinary and compelling circumstances and granting relief under § (b)(4) here would also be consistent with the decisions of numerous courts that have already granted relief under the provision since it came into effect in November 2023. *See, e.g., United States v. Sayers*, No. 13-cr-14047, Dkt. No. 550 (S.D. Fla. Nov. 8, 2024) (reducing sentence for defendant who was sexually assaulted by BOP personnel); *United States v. Naranjo*, No. 19-cr-591, 2024 WL 1161713 (S.D. Cal. Mar. 18, 2024) (same); *United States v. Gomez*, No. 19-CR-10055, Dkt. 93 (D. Kan. Mar. 8, 2024) (same); *United States v. Young*, No. 18-cr-00447 (D. Ariz. Nov. 2, 2023) (same); *United States v. Moore*, No. 13-80054, Dkt. 502 (S.D. Fla. Mar. 7, 2024) (same). Indeed, courts found that victims were deserving of reduced sentences even prior to § (b)(4)'s enactment. *See infra*, Sec. II.B.1.

Further, the many initiatives seeking to protect female inmates from sexual assault while in custody, coupled with the significant civil awards made to women in similar situations,[1] suggest that the government takes seriously its commitment to "root out sexual misconduct from the

---

[1] Bureau of Justice Assistance, *Prison Rape Elimination Act (PREA)* (Last modified May 5, 2025), https://bja.ojp.gov/program/prea/overview (summarizing Prison Rape Elimination Act of 2003); Michael R. Sisak & Michael Balsamo, *US to pay nearly $116M to settle lawsuits over rampant sexual abuse at California women's prison*, Associated Press (Dec. 17, 2024, 11:49 PM), https://apnews.com/article/federal-prisons-dublin-sexual-abuse-lawsuit-settlement-8265b20642f7233ae9767578691154c1; (discussing $116 million settlement between U.S. and more than 100 victims of sexual abuse and mistreatment at FCI Dublin); Benjamin Weiser, *U.S. Pays $4.2 Million to Victims of Jail Guard's Long-Running Sex Abuse*, N.Y. Times (July 18, 2022), https://www.nytimes.com/2022/07/18/nyregion/mcc-officer-sex-abuse-victims-payout.html (discussing $4.2 million settlement between U.S. and victims of jail guard's long-running sexual abuse).

Federal Bureau of Prisons [and] continue to hold accountable any BOP employee who violates their oath to protect those in their care through sexual assault."[2] Indeed, as the government recognized in supporting the Amendment, it had—prior to the Amendment—proactively "sought reductions for victims of this type of abuse" in certain circumstances.[3] Reducing Ms. Rochelle's sentence to time served is supported by the plain language of §1B1.13(b)(4), relevant precedent, and government policy.

<u>A Sentence Reduction Under § 1B1.13(b)(5) Is Also Appropriate.</u>

Ms. Rochelle is also eligible for relief under § 1B1.13(b)(5). The Amendment preserved this preexisting "Other Reasons" basis for a sentence reduction, which provides that other reasons, "considered by themselves or together with," *inter alia,* the sexual abuse covered by subsection (b)(4), justify a reduction in sentence. In Ms. Rochelle's case, the sexual abuse inflicted on her in combination with her rehabilitation and the circumstances of her continued incarceration also support the reduction of her sentence under this provision.

1. <u>Ms. Rochelle's Sexual Assault is "Extraordinary and Compelling.</u>

The rape Ms. Rochelle endured constitutes extraordinary and compelling circumstances under § (b)(5). Indeed, multiple courts have found that sexual assault while incarcerated is still an

---

[2] Press Release, Office of Pub. Affairs, U.S. Dep't of Just., Former Federal Bureau of Prisons Corrections Officer Sentenced for Sexually Abusing Inmate in Custody (May 23, 2024), https://www.justice.gov/archives/opa/pr/former-federal-bureau-prisons-corrections-officer-sentenced-sexually-abusing-inmate-his (discussing the sentencing of former Corrections Officer Robert D. Smith to 24 months in prison on May 23, 2024 for sexually abusing multiple inmates at FCI Aliceville).

[3] Press Release, Office of Pub. Affairs, U.S. Dep't of Just., Former Federal Bureau of Prisons Corrections Officer Sentenced for Sexually Abusing Inmate in His Custody (May 23, 2024), https://www.justice.gov/archives/opa/pr/former-federal-bureau-prisons-corrections-officer-sentenced-sexually-abusing-inmate-his (discussing the sentencing of former Corrections Officer Robert D. Smith to 24 months in

extraordinary and compelling reason warranting relief under § (b)(5), even where a defendant may not be able to satisfy § (b)(4) in full. *See United States v. Sayers*, No. 13-cr-14047, Dkt. No. 550 (S.D. Fla. Nov. 8, 2024) (finding that sexual assault by BOP officer warranted relief under § (b)(4) and § (b)(5)); *United States v. Busby,* No. 15-CR-003531, 2024 WL 3498161, at *4 (D. Nev. July 18, 2024) (granting § (b)(5) relief due in part to sexual assault of defendant while in custody); *United States v. Harney*, No. 14-cr-00067, Dkt. 883, at 3-5 (S.D. Ind. Aug. 9, 2024) (sentence reduced under § (b)(5) for defendant groped by BOP officer); *United States v. Morales*, No. 16-CR-00241, 2024 WL 967658, at *5 (E.D. Cal. Mar. 6, 2024) ("[defendant's] experience of sexual assault while incarcerated support a finding of extraordinary and compelling circumstances under [§(b)(5)]."); *United States v. Smith*, No. 10-cr-00009, Dkt. 1185, at 6-7 (C.D. Cal. Feb. 12, 2024) (reducing sentence under § (b)(5) for a victim of sexual abuse by BOP officer who did not satisfy all of § (b)(4)'s elements).

Even before § (b)(4) came into effect, courts recognized sexual assault as an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Smith*, No. 20-cr-00253, 2023 WL 5487308, at *2-3 (E.D. Cal. Aug. 24, 2023) (reducing sentence for defendant sexually assaulted at by a BOP officer); *United States v. Chavira,* No. 18-cr-4216, 2023 WL 3612389 (S.D. Cal. May 23, 2023) (same); *United States v. Herrera,* No. 17-CR-415, 2023 WL 3614343, at *5 (S.D.N.Y. May 24, 2023) (same); *United States v. Brice*, No. 13-cr-206-2, 2022 WL 17721031, at *5 (E.D. Pa. Dec. 15, 2022) (same); *United States v. Richardson*, No. 16-CR-461, 2022 WL 5246076, at *3 (E.D.N.Y. Oct. 6, 2022) (reducing sentence for inmate in part because of "the criminal sexual abuse to which she was subjected by a prison guard"); *United States v. Bray*, No. 11-cr-20206, 2023 WL 11763777, at *4 (W.D. Tenn. May 3, 2023) (reducing sentence for inmate

---

prison on May 23, 2024 for sexually abusing multiple inmates at FCI Aliceville).

sexually abused by guard because "[d]efendant's original sentence did not account for the extreme hardship a Defendant would undergo when she was sexually assaulted."). Therefore, it is well within the Court's discretion to consider Ms. Rochelle's sexual assault as part of its analysis under § (b)(5).

### Ms. Rochelle's Rehabilitation and Release Plan Also Support Relief.

Ms. Rochelle's rehabilitation and release plan further support her claim for relief. As evidenced by her decision to plead guilty, Ms. Rochelle accepted and still accepts full responsibility for her crimes and has endured years of serious punishment for them. She has worked hard to better herself and be a productive member of the community upon her release. She has completed educational courses and programs focused on drug treatment, mental health, employment readiness, and anger management, In her nearly seven years of incarceration, Ms. Rochelle has taken the initiative to better herself by taking courses focused on anger management, criminal thinking, being money smart, drug abuse education, square one, circle of strength, k2 awareness, parenting 1 and 2, nutrition, the amazing benefits of stretching class, walk your way to fitness, relationships, 21st century yoga, hydration for an active life, fueling up for fitness, health core topic rpp1, serve safe food certification, crochet hobby craft basic, cognitions, GED math test review, introduction to Spanish 1 and 2 and trauma and life. She has also been employed at the BOP as an orderly and she has worked directly for the Warden, the Lieutenant Warden and she has worked in food service and at the yard compound.

### The Conditions of Ms. Rochelle's Incarceration Support Release.

The conditions of Ms. Rochelle's continued incarceration also support a finding of

9

"extraordinary and compelling" circumstances. Ms. Rochelle has been unable to access consistent and effective mental health treatment to help her cope with the effects of the sexual assault, as well as her pre-existing trauma and mental health struggles. Since she was sexually assaulted, Ms. Rochelle has received very little care and has not been assigned a regular therapist or psychologist. Ms. Rochelle has already "suffered a harsher punishment" than originally intended because of her sexual assault while incarcerated—a basis on which other courts have granted § (b)(5) relief, while recognizing that the BOP is ill-equipped and unable to "provide sufficient care . . . in response to [such] abuse." *Herrera*, 2023 WL 3614343, at *5 (emphasis omitted); *see also Bray,* 2023 WL 11763777, at *4 ("Failing to take a sexual assault by a prison guard into account would risk met[ing] out a disproportionate punishment.") (internal quotation marks omitted).

Continued incarceration in a BOP facility will only further exacerbate Ms. Rochelle's symptoms. She feels hopeless and alone far from any familial support. Ms. Rochelle is also rightfully distrustful of BOP staff and constantly worries that she will be assaulted again. This environment is not conducive to Ms. Rochelle's continued recovery, and prolonged confinement will serve only to worsen her condition and health. Therefore, the circumstances surrounding her case clearly warrant "extraordinary and compelling" grounds under § (b)(5).

<u>Section 3553(a) Also Weighs In Favor of A Sentence Reduction.</u>

Finally, the Court must consider the factors set forth in § 3553(a) and confirm that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(a)(2). Section 3142(g) requires the Court to evaluate a defendant's dangerousness based on her present circumstances, rather than on her past conduct

alone, and the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4); *see also Pepper v. United States*, 562 U.S. 476, 491-92 (2011) (finding that a defendant's post-sentencing conduct "provides the most up-to-date picture of [a defendant's] 'history and characteristics'"). Ms. Rochelle's present characteristics—including, but not limited to, her rehabilitation efforts, support from family and release plan to ensure successful re-entry into her community—demonstrate that she poses no risk of danger to the safety of others and that she would benefit society upon release. During her more than seven years of incarceration, she has taken steps toward bettering herself through work, programming, and education.

Ms. Rochelle's preparation for life outside of prison is supported by her release plan. Ms. Rochelle has a supportive community of family members who are eager to care for her upon release. She has remained in close contact with her mother. Though many family members have offered for her to reside with them, Ms. Rochelle will live with her mother, with whom she communicates frequently, upon her release from prison.

Finally, Ms. Rochelle will have the necessary resources to address the trauma she has experienced. She has many years of supervised release included in her sentence, which will support her in her reentry by connecting her with necessary mental health and other services. In light of her commitment to personal growth, the continuing support of her family, and Ms. Rochelle's concrete and actionable release plan, there is no reason to believe she would present a danger to society.

<u>The time that Ms. Rochelle has already served reflects the seriousness of her offense, promotes respect for the law, and provides just punishment for her offense.</u>

In Ms. Rochelle's case, a reduction of sentence would not diminish the seriousness of the offense that was committed. Here, Ms. Rochelle has been imprisoned for approximately seven years. This is in addition to the three years of supervised release she has yet to serve, resulting in a total of over ten years that Ms. Rochelle will be held accountable for her actions. This time reflects the seriousness of the offense Ms. Rochelle committed, promotes respect for the law, and provides just punishment for the offense.

This ten-year punishment Ms. Rochelle will have completed after the three years of supervised release that is to come, will deter any future criminal conduct by her, and her released plan reentry plan is focused on ensuring her reentry is a success.

Additionally, the three-year term of supervised release and the terms attached to it are purposeful to protect the public from further crimes by Ms. Rochelle. Even if released this year, Ms. Rochelle, currently age 39, will be under supervision until she is 42 years old. Ms. Rochelle's will have been free of criminal conduct for approximately seven years when she is released.  With the support of her family and friends, the obligations imposed throughout supervised release, and the skills she has acquired from her rehabilitation programs in prison, Ms. Rochelle is much less likely to repeat her past conduct.

## CONCLUSION

For the foregoing reasons, Ms. Rochelle requests that the Court reduce her sentence of imprisonment to time-served, but all other aspects of the Judgment will remain in effect, including the term of supervised release.

Respectfully submitted,

  s/ Martin A. Dietz                .
Martin A. Dietz, Esquire
Pa. I.D. No. 69182

2885 Wildwood Road Extension
Allison Park, PA 15101
(412) 261-5520

Attorney for Defendant,
Quinyahta Rochelle