

U.S. Department of Justice
Federal Bureau of Prisons

*Central Office*
*320 First St., NW*
*Washington, DC 20534*

May 12, 2025

Martin Dietz
2885 Wildwood Road Extension
Allison Park, PA  15101

Request Number: 2025-02289

Dear Mr. Dietz:

This is in response to the above referenced Freedom of Information Act (FOIA) request. A copy of the first page of your request is attached.

After a thorough review of your request, we have determined that any records responsive to your request are categorically exempt from disclosure. Accordingly, this Office is not required to conduct a search for the requested records. Pursuant to the FOIA, 5 U.S.C. § 552, records are withheld in full from disclosure to you as release of any records could reasonably be expected to interfere with law enforcement proceedings. 5 U.S.C. § 552(b)(7)(A). Please note, exemption (b)(7)(A) is a temporary exemption utilized to protect active and on-going law enforcement proceedings. Because of its temporary nature, you may wish to consider refiling your request for records in the future. Should you choose to refile your request, the status of law enforcement proceedings will be reevaluated and a determination made at that time as to the continued applicability of exemption (b)(7)(A). BOP considered the foreseeable harm standard when applying FOIA exemptions.

If you have questions about this response please feel free to contact the undersigned, this office, or the Federal Bureau of Prisons' FOIA Public Liaison, Ms. Kara Christenson, at: 202-616-7750; 320 First Street NW, Room 924, Washington, DC 20534; or BOP-OGC-EFOIA-S@bop.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road (OGIS), College Park, MD 20740-6001; ogis@nara.gov; 202-741-5770 (phone); 1-877-684-6448 (toll free); or 202-741-5769 (fax).

If you are not satisfied with my response to this request, you may administratively

Exhibit B

appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, DC 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: [https://www.justice.gov/oip/submit-and-track-request-or-appeal](https://www.justice.gov/oip/submit-and-track-request-or-appeal). Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

R. Carl for
Kara Christenson
Supervisory Government Information Specialist

Exhibit B

Explanation of FOIA Exemptions

**5 U.S.C. § 552(b)(1)** protects classified information.

**5 U.S.C. § 552(b)(2)** concerns matters related solely to internal agency personnel rules or practices.

**5 U.S.C. § 552(b)(3)** concerns matters specifically exempted from release by statute.

**5 U.S.C. § 552(b)(4)** concerns trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

**5 U.S.C. § 552(b)(5)** concerns certain inter- and intra-agency communications protected by the deliberative process privilege, the attorney work-product privilege, and/or the attorney-client privilege.

**5 U.S.C. § 552(b)(6)** concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties.

**5 U.S.C. § 552(b)(7)(A)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

**5 U.S.C. § 552(b)(7)(B)** concerns records or information compiled for law enforcement purposes the release of which would deprive a person of a right to a fair trial or an impartial adjudication.

**5 U.S.C. § 552(b)(7)(C)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

**5 U.S.C. § 552(b)(7)(D)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources.

**5 U.S.C. § 552(b)(7)(E)** concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

**5 U.S.C. § 552(b)(7)(F)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

**5 U.S.C. § 552(b)(8)** concerns matters that are "contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions."

**5 U.S.C. § 552(b)(9)** concerns geological and geophysical information and data, including maps, concerning wells.

Exhibit B