IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>QUINYAHTA ROCHELLE | Criminal No. 18-323<br>Criminal No. 18-117<br>Criminal No. 17-277 |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
SUPPLEMENTED MOTION FOR COMPASSIONATE RELEASE**

AND NOW comes the United States of America, by and through its attorneys, Troy Rivetti, First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and David Lew, Assistant United States Attorney for said District, and respectfully submits this Response in Opposition to Defendant Quinyahta Rochelle's Supplemented Motion for Compassionate Release.

Rochelle is serving imprisonment terms for convictions in three cases: Criminal Nos. 18-323, 18-117, and 17-277. Her offenses included possession of a firearm by a convicted felon, aggravated identity theft, and wire fraud. She is currently incarcerated at FCI Hazelton with an anticipated release date of December 9, 2028. *See* www.bop.gov/inmateloc// (Reg. No. 09039-068, last viewed December 28, 2025). Rochelle has twice moved this Court to reduce her sentence under the compassionate release statute. The Court denied both requests, finding that she failed to establish extraordinary and compelling reasons for release and that granting a reduction would be inconsistent with the relevant § 3553(a) factors.

In the instant Motion, as supplemented by counsel, she again asks this Court to reduce her sentence to time served. As grounds for her request, she asserts, among other claims, that

she was sexually assaulted by a Bureau of Prisons ("BOP") correctional officer in September 2022.

Rochelle's Motion should be denied because she cannot establish extraordinary and compelling reasons for release. The relevant provision in the Sentencing Guidelines defining extraordinary and compelling reasons where an inmate is a "victim of abuse" requires that allegations of physical misconduct by BOP staff be established in a criminal, civil, or administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger. Here, the BOP timely investigated Rochelle's claim, and as a result of the investigation, her allegations of physical misconduct by the BOP employee were not sustained. There has been no civil or criminal finding substantiating the allegations, and she has not shown any imminent danger. As such, those allegations do not qualify as an extraordinary and compelling reason for release, nor do her other claims.

Moreover, even if Rochelle had demonstrated extraordinary and compelling reasons, her Motion would still fail because the relevant factors under 18 U.S.C. § 3553(a), which the Court has already twice considered, strongly weigh against reducing her sentence given the seriousness of her offenses, her criminal history and disciplinary violations, the substantial portion remaining on her sentence, and other circumstances.

## BACKGROUND

The United States presumes the Court's familiarity with the history of Rochelle's cases, which were summarized in the Court's May 2022 opinion decision denying her second compassionate release motion. See Doc. No. 108.[1] In 2016 and 2017, Rochelle engaged in various fraud schemes, including those involving the hacking of social media accounts and

---

[1] Unless otherwise noted, docket citations are to Criminal No. 18-323.

identity theft. PSIR (Cr. Nos. 17-277, 18-117) ¶¶ 10–21. She also illegally possessed a firearm and ammunition as a convicted felon. *Id*. After being federally charged for the aforementioned conduct, and while on bond, she engaged in more fraud by creating and using counterfeit debit cards. PSIR (Cr. No. 18-323) ¶¶ 13–17.

Rochelle was sentenced on December 17, 2018, in Criminal No. 17-277, to 92 months' imprisonment for possession of a firearm and ammunition by a convicted felon. Doc. No. 108. On the same date, she was sentenced to concurrent terms of imprisonment totaling 92 months, and a consecutive 24-month term, in Criminal No. 18-117, for conspiracy, use of unauthorized access devices, wire fraud, aggravated identity theft, and accessing protected computers without authorization. *Id*. Finally, on April 21, 2021, Rochelle was sentenced to a 24-month term of imprisonment in Criminal No. 18-323, to run consecutively to the terms imposed in Criminal Nos. 17-277 and 18-117, for aggravated identity theft. *Id*. She pled guilty in each case. *Id*.

Rochelle subsequently filed two compassionate release motions, both of which were denied. Doc. Nos. 45, 108. She also filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which the Court denied. Doc. No. 132.

In May 2024, Rochelle filed a pro se letter motion requesting compassionate release based on an alleged sexual assault by a correctional officer. Doc. No. 119. The Court subsequently appointed counsel for Rochelle, and a counseled supplement was filed on her behalf on October 27, 2025. Doc. No. 151. The Court initially ordered the United States to respond by November 17, 2025. Doc No. 156. The Court subsequently held a status conference on November 5, 2025, and ordered the parties to file a joint status report by December 3, 2025. Doc. No. 160. The deadline for the United States' response was extended to January 7, 2026. *Id*. On December 2, 2025, the parties filed a Joint Status Report. Doc. No. 163. Defendant set

forth a proposed release plan, and the United States noted that it would be premature to address a release plan in light of its opposition to compassionate release. *Id*. For the reasons explained below, Rochelle's Motion should be denied.

## THE COMPASSIONATE RELEASE STATUTE

In the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Tit. II, Ch. II, 98 Stat. 1987 (18 U.S.C. § 3551 et seq.), Congress directed the Sentencing Commission to promulgate "general policy statements regarding . . . the appropriate use of . . . the sentence modification provisions set forth in [Section] 3582(c)." 28 U.S.C. § 994(a)(2)(C). Congress directed the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress specified that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*. A defendant bears the burden of proof to that show extraordinary and compelling reasons exist and that he is entitled to compassionate release. *See United States v. Laforte*, No. 19-256, 2022 WL 44747, at *2 (W.D. Pa. Jan. 5, 2022) (Schwab, J.); *United States v. Jones*, No. 13-252, 2021 WL 1060218, at *6 (W.D. Pa. Mar. 18, 2021) (Conti, J.).

In 2006, the Commission promulgated U.S.S.G. § 1B1.13, p.s. As amended in 2016, the policy statement described four categories of reasons that should be considered extraordinary and compelling: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons" "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling" "other than, or in combination with," the reasons described in the other three categories. Sentencing Guidelines App. C Supp., Amend. 799 (Nov. 1, 2016).

In the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow defendants, as well as the Bureau of Prisons itself, to file motions for a sentence reduction. *See* Pub. L. No. 115-391, Tit. VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Because the Sentencing Commission at that time was without a quorum of voting members, *see* 88 Fed. Reg. 28,254, 28,256 (May 3, 2023), the Commission did not immediately amend the policy statement to account for the First Step Act's procedural change.

### "Victim of Abuse" as an Extraordinary and Compelling Reason

As amended in 2023, U.S.S.G. § 1B1.13 includes as an additional ground that may be considered an extraordinary and compelling reason where the defendant is a "Victim of Abuse" as defined in U.S.S.G. § 1B1.13(b)(4):

> VICTIM OF ABUSE.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> (A)  sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or
>
> (B)  physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> <u>For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.</u>

U.S.S.G. § 1B1.13(b)(4) (emphasis added).

## ARGUMENT

### I.  Rochelle's Claims Are Exhausted in Part

A defendant must properly exhaust administrative remedies for the Court to consider a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A)—as amended by the First Step

5

Act—allows a court to reduce a term of imprisonment based on "extraordinary and compelling" circumstances, but only:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The Third Circuit has mandated "strict compliance" with the exhaustion requirement. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). A defendant bears the burden to show his compliance. *See, e.g.*, *United States v. Jeffries*, Cr. No. 14-106, 2021 WL 2000555, at *5 (W.D. Pa. May 19, 2021) (Conti, J.). To satisfy the exhaustion requirement, the defendant must show that she raised the same issues administratively as she asserts in her compassionate release motion. *See, e.g.*, *United States v. Amaro*, Cr. No. 19-263, 2022 WL 2789868, at *2 (W.D. Pa. July 15, 2022) (Conti, J.) ("A necessary part of 'strict compliance' with the exhaustion requirement is that the BOP be given the opportunity to consider the same request made to the court.").

Rochelle filed with her Counseled Supplement administrative requests that she asserts were submitted to the BOP between March 2025 and August 2025, which address an alleged assault, and apparently First Step Act credits. Doc. No. 151-2. Defense counsel has provided to the government a BOP response dated December 3, 2025, denying Rochelle's request for compassionate release due to an alleged sexual assault by a BOP staff member. Ex. 1, Response. The United States does not contest that Rochelle has exhausted her administrative remedies regarding her assault claim and her FSA credit claim. Her remaining claims are not properly exhausted.

## II. Rochelle Fails to Demonstrate Extraordinary and Compelling Reasons Based on Her Assault Claim

Rochelle alleges she was sexually assaulted by a male corrections officer on September 9, 2022, while she was incarcerated at the Oklahoma Federal Transfer Center. Doc. No. 151 at 3. She asserts she was subsequently transferred to the Federal Medical Center in Lexington, Kentucky and reported the incident there. *Id.*[2] Rochelle states she was then transferred to Federal Correctional Institution Danbury and reported the alleged incident. Records she filed with the instant Motion indicate she reported the incident on December 7, 2023. Doc. No. 154.

On the same date Rochelle reported the incident in December 2023, the matter was referred to the Office of Internal Affairs ("OIA"). Ex. 2, OIA Investigative Report, at 1. OIA conducted an investigation of allegations against the BOP employee, which included Rochelle's allegations involving physical sexual contact by the employee in September 2022, as well as allegations that did not involve physical contact by the employee. *Id.* at 1–7. The investigator interviewed Rochelle and others and reviewed relevant records. *Id.* Rochelle's allegations involving physical sexual contact by the employee were not sustained. *Id.* at 3–5, 7. Certain other allegations were sustained, but those allegations did not involve physical contact by the employee with Rochelle or any other inmate. *Id.* at 5–7.

Rochelle invokes U.S.S.G. § 1B1.13(b)(4) to argue that her allegations regarding an assault by a BOP correctional officer demonstrate extraordinary and compelling reasons for release. They do not. As noted, U.S.S.G. § 1B1.13(b)(4) recognizes as an extraordinary and compelling reason where a defendant serving the term of imprisonment sought to be reduced was a victim of sexual abuse involving a "sexual act" or physical abuse resulting in "serious bodily injury" committed by, or at the direction of, a correctional officer, a BOP employee or

---

[2] Rochelle has filed no records regarding this purported complaint.

contractor, or any other person having custody or control over the defendant. A "sexual act" is defined in 18 U.S.C. § 2246(2), which requires physical contact. 18 U.S.C. §§ 2246(2)(A)–(D).

Critically, to qualify under U.S.S.G. § 1B1.13(b)(4), "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." U.S.S.G. § 1B1.13(b)(4). Where a defendant fails to show that an abuse allegation was established in the criminal, civil, or administrative context—or show undue delay or imminent danger—courts have denied compassionate release. *See United States v. Stewart*, 86 F.4th 532, 536 (3d Cir. 2023) (pre-2023 amendment decision citing U.S.S.G. § 1B1.13(b)(4) to find that "[t]he District Court acted within its discretion in holding that a mere allegation of prison rape, without more, is not an extraordinary and compelling reason for early release"); *United States v. Nestor*, Cr. No. 07-369 (W.D. Pa.), Doc. No. 531, Memo Order (Hornak, J.) (dismissing compassionate release claim alleging assault by correctional officers where alleged misconduct had not been established by conviction in a criminal case, a finding or admission of liability in a civil case, or a similar finding in an administrative proceeding); *United States v. Walker*, No. 5:20-cr-00100-1, 2024 WL 4360143, at *2 (E.D. Pa. Sept. 30, 2024) (alleged abuse did not qualify as extraordinary and compelling reason under U.S.S.G. § 1B1.13(b)(4) where there was no conviction in a criminal case, finding or admission of liability in a civil case, or finding in an administrative proceeding); *United States v. Jackson-Bey*, Cr. No. 2:09-CR-43-4-TLS-PRC, 2024 WL 472449, at *5 (N.D. Ind. Feb. 7, 2024) (finding defendant failed to satisfy U.S.S.G. § 1B1.13(b)(4) based on allegation he was sexually molested by lieutenant where he did not show that "the alleged sexual assault resulted in a conviction, a finding or admission of liability in a civil case, or a finding in an administrative proceeding"); *United States v. Left*

*Hand*, No. 1:16-cr-189, 2024 WL 579206, at *5 (D.N.D. Feb. 13, 2024) (finding the same where defendant alleged sexual assault by corrections officer who was indicted but not yet convicted); *United States v. Boulder*, No. 3:15-CR-30032-RAL, 2024 WL 165287, at *7 (D.S.D. Jan. 16, 2024) (finding defendant's "contention of being subject to sexual abuse, while disconcerting, is an allegation at this point and thus does not merit a sentence reduction").

So too here. Rochelle has not shown that the assault she alleges was established by any conviction in a criminal case, finding or admission of liability in a civil case, or finding in an administrative proceeding. Moreover, an internal investigation of her allegations was timely conducted the BOP after she reported them in December 2023, and the allegations related to inappropriate physical contact by the BOP employee were not sustained. Ex. 2; *see also United States v. Boyce*, No. 18-CR-29-JPS-JPS, 2024 WL 3460947, at *5 (E.D. Wis. July 18, 2024) (denying compassionate release under U.S.S.G. § 1B1.13(b)(4) where Internal Affairs investigated the defendant's assault allegations and found them without merit). Rochelle asserts that her allegations were "established" purposes of U.S.S.G. § 1B1.13(b)(4) because the BOP employee was purportedly terminated. However, as the Investigative Report confirms, the only allegations that were sustained did not involve physical contact by the employee. Thus, there was no finding that Rochelle was the victim of sexual abuse involving "a sexual act" under U.S.S.G. § 1B1.13(b)(4).

Rochelle cannot show that any proceedings regarding her allegations have been unduly delayed or that she is in imminent danger. The OIA investigation into her claims was timely completed. She offers no evidence that she is in imminent danger, nor can she establish this as she is no longer housed in the institution where the alleged assault occurred, and she asserts that the BOP staff member has been fired. Doc. No. 151 at 6.

To the extent Rochelle suggests that a compassionate release motion offers her an opportunity to litigate an assault claim, it does not. The compassionate release statute provides a limited exception to the rule of finality that a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Importantly, in adopting the new guideline, the Commission noted that subsection (b)(4) "responds to the Department of Justice's . . . suggestion that a sentence reduction may be appropriate where an individual in BOP custody <u>has been determined</u> to have been the victim of sexual assault perpetrated by BOP personnel." 88 Fed. Reg. 28,254, 28,257–58 (emphasis added); *see generally* Sentencing Commission Public Meeting Transcript (Feb. 23, 2023), at 30:2–32:12 (*available at* www.ussc.gov/sites/default/files/pdf/amendment-process/public-hearings-and-meetings/20230223-24/0223_Transcript.pdf) (Department's public testimony to the Commission emphasizing importance of requiring an independent determination of merit for allegations of abuse).

### III.    Rochelle Has Not Demonstrated "Other Reasons" that Are Extraordinary and Compelling

Rochelle alternatively argues that her assault allegations, in combination with her rehabilitation and "circumstances of continued confinement," establish extraordinary and compelling reasons under the provision in U.S.S.G. § 1B1.13(b)(5) addressing "Other Reasons." She is wrong.

Subsection (b)(5) provides:

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5).

10

Subsection (b)(5) cannot be used as a workaround for claims covered by specific sections in U.S.S.G. § 1B1.13. *United States v. McNeill*, No. 6-CR-373, 2025 WL 2173290, at *3 (W.D. Pa. July 31, 2025) (Ranjan, J.) (quoting *United States v. Barragan*, No. 10-777, 2025 WL 1827297, at *5 (D.N.M. July 2, 2025)); *United States v. Miller,* No. 23-4, 2025 WL 1101613, at *3 (S.D. Ind. Apr. 14, 2025) (rejecting use of subsection (b)(5) as "end-run around" subsection (b)(6)). Thus, Rochelle's assault claim that has not been established in a criminal, civil, or administrative proceeding cannot qualify as an extraordinary and compelling "other reason" under § 1B1.13(b)(5).

Nor does this claim, in combination with other unpersuasive claims qualify under subsection (b)(5). A combination of meritless claims does not demonstrate an extraordinary and compelling reason for release. *See, e.g.*, *United States v. Tobolsky*, Cr. No. 21-00303(NLH), 2024 WL 323476, at *4 (D.N.J. Jan. 29, 2024) (finding defendant failed to establish any reason, either alone or in combination, that was extraordinary and compelling); *United States v. Carter*, 711 F. Supp. 3d 428, 439–41, 2024 WL 136777, at *7–9 (E.D. Pa. Jan. 4, 2024) (rejecting defendant's argument that combination of circumstances was extraordinary and compelling under U.S.S.G. § 1B1.13(b)(5)).

Rochelle asserts that she has participated in prison programming while incarcerated. Doc. No. 151 at 9. But even if accurate, those activities are not extraordinary and compelling or a basis for release, as this Court recognized in denying her prior motions for compassionate release. *See* Doc. No. 108 at 11. Additionally, her claim of rehabilitation is undercut by multiple disciplinary violations she has committed while serving her sentence. *See infra* at 13.

Rochelle offers no medical records supporting her claim that she has been "unable to access consistent and effective mental health treatment." Doc. No. 151 at 10. Nor does she

11

identify any request for mental health treatment that was denied. This vague and conclusory allegation is insufficient to establish an extraordinary and compelling reason for release. *See* U.S.S.G. §§ 1B1.13(b)(1)(B), (C) (defining medical circumstances that may be extraordinary and compelling reasons).[3]

In her pro se Motion, Rochelle complains that she is not earning First Step Act credits because her risk level is high. But "whether [a defendant] is eligible for FSA credits has no bearing on whether [s]he is entitled to compassionate release." *United States v. Collado-Reyes*, No. 19-321-01, 2025 WL 3473366, at *3 (E.D. Pa. Dec. 3, 2025); *United States v. Fountain*, Cr. No. 12-155, 2024 WL 4713837, at *10 (E.D. Pa. Nov. 7, 2024) (challenge to calculation of defendant's sentence must be brought under 28 U.S.C. § 2241 in the district of confinement).

### IV. Even If Rochelle Had Shown Extraordinary and Compelling Reasons, the Sentencing Factors Under 18 U.S.C. § 3553(a) Demonstrate that Compassionate Release Is Not Warranted

Even if Rochelle had shown extraordinary and compelling reasons, the Court should deny her Motion because the relevant factors under 18 U.S.C. § 3553(a) strongly weigh against reducing her sentence, as the Court previously recognized in denying her prior compassionate release motions. 18 U.S.C. § 3582(c)(1)(A) requires this Court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[3] If requested by the Court, the United States would file Rochelle's mental health records.

12

>    (3)    any pertinent policy statement . . . issued by the Sentencing Commission;
>
>    (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
>
>    (5)    the Sentencing Guidelines; and
>
>    (6)    the need to provide restitution to any victims of the offense.

### A.   The Nature and Circumstances of the Offense and History and Characteristics of the Defendant (§ 3553(a)(1))

Rochelle is serving terms of imprisonment related to three different federal cases, two for fraud schemes and one for possession of a firearm and ammunition as a convicted felon. She committed her most recent offense—aggravated identity theft—while on bond on her two prior federal cases. Her fraudulent conduct involved the hacking of social media accounts, identity theft, and creating and using counterfeit debit cards. Rochelle's fraud was financially harmful, and her unlawful possession of a firearm threatened public safety. These facts weigh against granting her a sentence reduction.

Rochelle also has a lengthy criminal history. Her most recent federal conviction was her fourth federal conviction. Doc. No. 108 at 11 n.10; PSIR (Cr. No. 18-323) ¶¶ 24–33. Her prior state convictions include crimes involving theft by unlawful taking, possession with intent to distribute a controlled substance, simple assault, theft by deception, and identity theft. *Id*. Rochelle's recidivism strongly weighs against prematurely terminating her sentence.

Additionally, while serving her sentences in the instant cases, Rochelle had been disciplined multiple times for violating prison rules. Ex. 3, Inmate Discipline Data. These include a 100-level (Greatest Severity Level) violation for Possessing a Hazardous Tool. *Id*; 28 CFR § 541.3. Rochelle's repeated violations of prison rules undercut her claim of rehabilitation.

13

> B.  **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment; Afford Adequate Deterrence; and Protect the Public from Further Crimes of the Defendant; and Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner (§ 3553(a)(2))**

These factors also weigh against Rochelle given her serious violations of the law. Granting her a sentence reduction would undermine the need for her sentence to reflect the seriousness of her offenses, promote respect for the law, and protect the public from further crimes. It would also undermine the need for deterrence given her recidivism. Thus, these factors cut against compassionate release.

> C.  **Any Pertinent Policy Statement Issued by the Sentencing Commission (§ 3553(a)(5))**

U.S.S.G. § 1B1.13(a)(2) provides that the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." It should not do so here. If released prematurely, there is a substantial risk that Rochelle would engage in behavior that poses a risk to the public.

> D.  **The Need to Avoid Unwarranted Sentence Disparities; and the Sentencing Guidelines (§ 3553(a)(4), (a)(6))**

These factors do not favor Rochelle. She received the mandatory minimum sentence in Criminal No. 18-323. PSIR (Cr. No. 18-323) ¶ 65. Her concurrent 92-month sentences at Criminal Nos. 17-277 and 18-117, which were followed by a mandatory minimum two-year term for aggravated identify theft, were at the low end of her advisory Guidelines range of 92–115 months. *See* Cr. No. 17-177, Doc. No. 27, at 7. Rochelle still has nearly three years remaining to serve. Granting her immediate release would therefore undermine these sentencing factors. *See United States v. Brothers*, Cr. Nos. 18-227 & 19-244, 2021 WL 2226432, at *3 (W.D. Pa. June 2, 2021) (Ambrose, J.) (noting § 3553(a) analysis "necessarily includes the consideration of

14

the length of the defendant's original sentence, including the portion served and the portion remaining"). For all these reasons, the § 3553(a) factors decisively weigh against reducing Rochelle's sentence.

## CONCLUSION

In light of the above, the Court should deny Defendant's Supplemented Motion for Compassionate Release.[4]

<div style="margin-left: 40%;">

Respectfully submitted,

TROY RIVETTI
First Assistant United States Attorney

*/s/ David Lew*
DAVID LEW
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7482 (tel)
412-644-2644 (fax)
david.lew@usdoj.gov
PA ID No. 320338

</div>

---

[4] If the Court enters an order granting relief to Rochelle, which for the above reasons it should not, the United States requests that such order be effective 14 days later so the BOP has sufficient time to process her release.